*E-Filed 2/28/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GEORGE A. BJURBERG,

    Petitioner,

    v.

MARK HANLON,

    Respondent.

No. C 13-5323 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner seeks federal habeas relief from his current pretrial detention. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. For the reasons stated herein, the petition is DISMISSED.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ

No. C 13-5323 RS (PR)
ORDER OF DISMISSAL

1  or issue an order directing the respondent to show cause why the writ should not be granted,
2  unless it appears from the application that the applicant or person detained is not entitled
3  thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in
4  the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See*
5  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

6       As grounds for federal habeas relief, petitioner alleges that (1) his pretrial detention is
7  unconstitutional because it is based on a false arrest by corrupt officials; and (2) he is
8  suffering under unconstitutional conditions of confinement.  Both claims are DISMISSED.
9  As to the first claim, the Court abstains from interfering in the on-going state criminal
10 proceedings.  Under principles of comity and federalism, a federal court should not interfere
11 with ongoing state criminal proceedings by granting injunctive or declaratory relief absent
12 extraordinary circumstances.  *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971).  More
13 specifically, federal courts should not enjoin pending state criminal prosecutions absent a
14 showing of the state's bad faith or harassment, or a showing that the statute challenged is
15 "flagrantly and patently violative of express constitutional prohibitions."  *Id.* at 46, 53-54.
16 *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending;
17 (2) the state proceedings involve important state interests; and (3) the state proceedings
18 afford adequate opportunity to raise the constitutional issue.  *See Middlesex County Ethics*
19 *Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

20      Abstention is appropriate here because all of the elements of *Younger* are present.
21 Nothing in the petition suggests there are extraordinary circumstances requiring this Court's
22 interference in state court criminal proceedings.  (His allegations of corruption and false
23 arrest are entirely conclusory and unsupported.)  As to the first *Younger* element, the
24 record demonstrates that petitioner's state court proceedings are ongoing.  As to the second
25 *Younger* element, the Supreme Court has held that "a proper respect for state functions,"
26 such as ongoing criminal trial proceedings, is an important issue of state interest.  *See Preiser*
27 *v. Rodriguez*, 411 U.S. 475, 491–92 (1973) (quoting *Younger*, 401 U.S. at 44).  As to the
28

third prong of *Younger*, the Court finds no reason that plaintiff cannot pursue his constitutional claims in state court. Furthermore, any interference by this Court in the state court proceedings would cause results disapproved of by *Younger*. *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases). Thus, *Younger* abstention is applicable here. When *Younger* applies, and the party seeks injunctive relief, as petitioner does here by asking the Court to order his release,[1] federal courts should dismiss the action in its entirety. *See Colorado River Water Conserv. Dist. v. U.S.,* 424 U.S. 800, 816 n.22 (1976). Accordingly, the first claim is DISMISSED.

As to the second claim, petitioner challenges the conditions of his confinement, rather than the lawfulness of his confinement. Therefore, if petitioner prevails here it will not affect the length of his incarceration. This means that his claim is not the proper subject of a habeas action, but must be brought as a civil rights action under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891–92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it,

---

[1] Though petitioner does not explicitly ask for release, the Court infers that he implicitly does so. This inference is well-supported. First, he filed this habeas petition. A habeas petition is by its nature a challenge to the legality and duration of confinement. Second, he alleges that his detention is based on false evidence. Relief, if the allegations are found true, would be his release from custody.

1 even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's
2 trust account.  *See* 28 U.S.C. § 1915(b).  A prisoner who might be willing to file a habeas
3 petition for which he or she would not have to pay a filing fee might feel otherwise about a
4 civil rights complaint for which the $350 fee would be deducted from income to his or her
5 prisoner account.  Also, a civil rights complaint which is dismissed as malicious, frivolous, or
6 for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not
7 true for habeas cases.  In view of these potential pitfalls for petitioner if the Court were to
8 construe the petition as a civil rights complaint, the case will be dismissed without prejudice
9 to petitioner filing a civil rights action if he wishes to do so in light of the above. The second
10 claim is therefore DISMISSED.

11      The petition is DISMISSED.  The Clerk shall enter judgment in favor of respondent,
12 and close the file.

13      **IT IS SO ORDERED**.
14 DATED:  February 28, 2014

_____
RICHARD SEEBORG
United States District Judge